OPINION
Defendant-appellant Russell Lee Britton takes this appeal from a judgment of the Court of Common Pleas of Marion County denying his motion for post-conviction relief.
On August 13, 1980, Britton was convicted of four counts of rape and two counts of gross sexual imposition. Britton was sentenced to life imprisonment. On September 21, 1996, Britton filed a petition for post-conviction relief. This petition was dismissed without a hearing. On June 19, 1997, this court reversed the dismissal on appeal and remanded the case for further proceedings. On July 31, 1997, Britton requested a hearing on his petition. An evidentiary hearing was held on June 8 and June 9, 1998. On July 20, 1998, the trial court overruled Britton's petition for post-conviction relief. It is from this judgment that Britton appeals.
Britton raises the following assignments of error.
 The trial court erred when it failed to issue findings of fact and conclusions of law concerning the failure of the State to produce exculpatory evidence prior to and at trial in violation of Brady v. Maryland (1963), 373 U.S. 83.
 The trial court erred when it failed to grant Britton post-conviction relief when the State knew or should have known that the testimony presented by the victim(s) at trial was perjured as a result of the medical tests requested by the State, the testimony elicited at the evidentiary hearing, as well as the affidavits attached to Britton's petition.
 The trial court erred when it failed to consider under the preponderance of evidence standard, the substantial contradictions found in the testimony given at the preliminary hearing, the police reports, the interviews, and the trial testimony given by the victim(s), which clearly demonstrate a lack of reliability in conjunction with the affidavits, the personal letters, and the testimony given at the evidentiary hearing.
 The State failed to disclose exculpatory material evidence to the defense at Britton's trial in violation of Brady v. Maryland (1963), 373 U.S. 83.
 Britton was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the U.S. Constitution and his right against self-incrimination as protected by the Fifth Amendment to the U.S. Constitution wherein previous defense counsel, who was given access to confidences and secrets of Britton, became the prosecutor responsible for keeping Britton convicted and incarcerated, negating the basic principles underlying our adversary system of justice; as well as creating a conflict of interest with the prosecutor's continuing ethical responsibilities to Britton and his responsibilities as prosecutor for Marion County.
For the ease of discussion, we will address these assignments of error out of order.
In the fifth assignment of error, Britton claims that the Marion County prosecutor's office has a conflict of interest in this case. The alleged conflict is that the County Prosecutor was the attorney of record in Britton's direct appeal of this case. Canon 9 of the Code of Professional Responsibility states that a lawyer should avoid even the appearance of professional impropriety. "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee." D.R. 9-101(B). Although the disciplinary rules do not specifically prohibit a public employee from acting in a matter in which he or she was involved while in private practice, the appearance of impropriety is created by such action. When there is a potential conflict of interest or appearance of impropriety, the trial court must review the evidence and determine if the improper appearance can be overcome.
 [W]e hold that in ruling on a motion for disqualification of either an individual (primary disqualification) or the entire firm (imputed disqualification) when an attorney has left a law firm and joined a firm representing the opposing party, a court must hold an evidentiary hearing and issue findings of fact using a three-part analysis:
 (1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation;
 (2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
 (3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification?
Kala v. Aluminum Smelting Refining Co., Inc. (1998), 81 Ohio St.3d 1,13, 688 N.E.2d 258, 270.
In this case, Britton's original appellate attorneys of record were J.C. Ratliff and Jim Slagle. State v. Britton (June 2, 1981), Marion App. No. 9-80-35, unreported. Slagle sent Britton a letter dated June 4, 1981, explaining in detail the effect of an appellate decision and Britton's options. The letter also suggested that Britton may want to file a motion for a new trial and asked for a retainer of $2,000.00 to file the motion. Receipts dated July 22, 1981, show that Britton's mother paid Ratliff Slagle $2,000.00. Although the receipt does not specify for what purpose the money was paid, one inference that can be made is that it was related to the June 4, 1981, letter. Additionally, the affidavits submitted to the trial court by Britton were notarized by Ratliff. The evidence also shows that Slagle is now the Marion County Prosecutor.
Kala set forth the test to be applied to determine if a party should be disqualified. Here, there is a clear relationship between the prior matter and the one before this court. The case before us results directly from the prior one. Second, the letter signed by Slagle, as well as Slagle being one of the attorneys of record before this court, would support the presumption that Slagle was involved with this case and knew the details. No evidence was presented in the record to rebut the presumption of shared knowledge. Finally, without a hearing, there is no evidence in the record of adequate and timely screens to rebut the presumption of imputed disqualification. The only evidence before the trial court is that Slagle represented Britton on his direct appeal of this matter and now an assistant county prosecutor, who is employed by Slagle, is opposing Britton's petition for post-conviction relief. These facts present a clear appearance of impropriety for which a hearing is required. Thus, the fifth assignment of error is sustained.
Since the trial court must hold a hearing on the issue of whether the Marion County Prosecutor's Office should be disqualified for a conflict of interest, the trial court's prior findings of fact may change if additional evidence is received. Thus, the remaining assignments of error become moot pending the outcome of that hearing. Additionally we note that some of the issues raised by Britton in his motion raise constitutional questions. The trial court may well wish to appoint counsel for Britton if requested to ensure that the issues are clarified and that Britton's constitutional rights are adequately protected.
The judgment of the Court of Common Pleas of Marion County is reversed and the cause remanded for further proceedings in accord with this decision.
Judgment reversed and Cause remanded.
SHAW, J., concurs.